ANDPRSON, J.
delivered the opinion of the court.
The court is of opinion that the entry made in this cause on the 13th of October 1870 ought, upon the petition which was presented by the plaintiffs, with the exhibits and. affidavits accompanying the same, to have been set aside; and that the case ought to have been brought on to be heard upon the pleadings as they were in fact, and all the proofs in the cause. The said entry is not a decree. It is merely a statement that on the motion of the plaintiffs, and by consent of the parties, the case was submitted that day upon the pleadings and papers described. It is evident from the affidavits and other evidence filed that this statement was not true. And no decree had been made upon that alleged submission, until after the said ^motion was made by the plaintiffs and overruled at a subsequent term of the court. The whole matter was in the breast of the court, and the fact was palpable that the said entry was erroneous, and it ought to have been rescinded. It was clearly error in the court to proceed to hear and determine the cause upon a misstatement of the pleadings, and upon only a part of the evidence in the cause, excluding from its view and consideration important documentary evidence, which had been filed with the papers in the cause, by order of plaintiffs’ counsel, pi-ior to the making of said entry on the 13th of October 1870, and which was brought prominently to the notice of the court before the final hearing and decision, and was relied upon by the counsel in their note of argument before the papers were placed in the hands of the court.
The court is also of opinion that as between the obligors and the oblig'ee, the obligors are all principals. But as between the obligors themselves, it is competent for any of them to show that he executed the bond for a co-obligor, who was the principal debtor. And that the statute which discharges the surety from the obligation of the contract, if the creditor fails to sue in a reasonable time after notice, and to prosecute his suit with due diligence, being designed only to give effect to the equities of the surety against his principal, it is competent for an obligor, in order to avail himself of his rights under this statute, to show, that as between him and his co-obligor, he executed the bond as his surety.
The court is also of opinion that the act' of assembly, chap. 144, | 5, p. 993, Code of 1873, which is the same in the Codes of 1849 and 1860, does not peremptorily require the creditor to sue out an execution *upon the judgment. It only requires him to use due diligence in prosecuting suit “to judgment, and by execution,” that is, in executing the judgment. In this case it is admitted that the plaintiffs brought suits and obtained judgments in a reasonable time; but it is alleged that they were guilty of gross laches in failing to sue out execution. They did not sue out executions. But their failure to do so is not attributable to negligence or laches on their part. It is shown by the record that they demanded of the clerk to issue fi. fas. upon the judgments, soon after they were rendered. But the clerk refused to issue them upon the ground that he was prohibited by the act of assembly of March 2d, 1866, commonly known as the staylaw. They then sought the interposition of the court, to compel its officer to issue the executions. But the court refused and sustained the action of its clerk. The appellants were not responsible for the stay law; or for the action of the courts or its officers, in recognizing its obligation. It was not in their power to issue the executions. They did all that they could do to cause the executions to be issued by the officers of the law, who only could issue them. Baches or negligence cannot be imputed to them for not prosecuting the suit by execution, whether the judgment of the court was right or wrong in enforcing the staylaw. As well might it be said, if the court by erroneous rulings had delayed the plaintiffs in recovering judgments, that they had not prosecuted their suit to judgment with due diligence.
*481 The court is also of opinion, that the act of assembly requiring a creditor to sue, and to prosecute his suit with due diligence to judgment, and by execution, upon receiving notice from the surety to sue, does not require the creditor to pursue the principals’ estate in '^equity, to impeach alleged fraudulent conveyances, or to subject an equity of the principal to the payment of his debt, or, in a word, to exhaust his remedies against the principal before he can have satisfaction out of the estate of the surety. Such a requirement would be repugnant to the rights of the creditor under his contract, and inconsistent with the relation between him and the surety; who is equally bound to the creditor with the principal for the payment of the debt. His obligation is not conditional but absolute. The creditor may sue him alone, if the obligation is several, or joint and several, and may levy execution upon the property of the surety, instead of the principal at his pleasure, and the surety has no equity against the creditor that would entitle him to a stay of execution. And there is nothing in the statute which changes this relation or the rights and obligations of the parties under it. The statute creates no equities in favor of the surety against the creditor, but proceeds on the ground of an equity in the suret}' against his principal, and is designed to make it availing; and holds the creditor responsible, only for its infringement. (Humphrey v. Hitt, 6 Gratt. 509.) Independently of the statute, the surety might enforce his equity against the principal. If he was apprehensive of loss by the delay and forbearance of the creditor he might file his bill in chancer}' to compel his principal to pay the debt. The statute gives him a more summary remedy, but does not change the relation or the contract between the creditor and surety. It only holds the former responsible, if by reason of his laches or negligence the sureties’ equity against his principal is infringed.
We have seen that the creditor has not incurred that responsibility in this case. But as all the parties *are before the court, the appellee, if his testator is shown to have executed the bond as surety, ought to have a decree over against his principal, upon payment of the debt, if he desires it, subjecting any estate the principal may have to refund what he pays, and also a decree against his co-sureties for contribution.
But as the decree of the Circuit court undertook to decide the cause, without considering the plaintiffs’ replication to the •defendants’ answer, and without looking into important evidence which had been filed with the papers in the cause, the entry ■of October 13th, 187Ó, and the decree made pursuant thereto, should be set aside, and the cause remanded to the Circuit court, to have the same status in that court that it had before said entry was made, and to be brought on to be heard there upon the replication, the depositions, exhibits, and all the other evidence in the cause. And the plaintiffs’ exceptions to the commissioner’s report and all other questions decided by said decree, which have not been reviewed and decided in this opinion, are, by the setting aside of said decree in toto, left open and undecided here, to be passed on by the Circuit court when the whole case is before it.
The court is of opinion therefore to reverse the decree of the Circuit court with costs, and to remand the cause for further proceedings therein in conformity with this opinion.
The decree is as follows:
The court is of opinion that the Circuit court erred in overruling the motion of appellants to rescind the entry made on the 13th of October 1870; and in not bringing on the cause to be heard upon the true state of the pleadings, and upon all the evidence in the cause; and in holding that William B. Price’s estate *was wholly exonerated from the demands of the plaintiffs, the appellants, and the creditors who united in the suit with them, who had received notice to sue, by reason of the failure of the plaintiffs to sue out executions upon their judgments, and in dismissing the plaintiff’s bill as to 'the said Price’s executor and devisees, &c., with costs. It,is therefore ordered and decreed that the said decree of the Circuit court of Brunswick county be reversed and annulled, and that the appellees pay to the appellants their costs expended in - the prosecution of their appeal here; and the cause is remanded to the said Circuit court for further proceedings to be had therein in conformity with the principles herein declared, and with the opinion of this court filed with the record.’
Decree reversed.